**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No.** _____

Annette Miskavige**, Plaintiff,**

**v.**

Creditor's Financial Group, LLC**, Defendant.**

## COMPLAINT

## PARTIES

1. Plaintiff Annette Miskavige is a citizen of Minnesota who presently resides at the following address: 3661 232nd Ave. NW St. Francis, MN 55070.

2. Defendant Creditor's Financial Group, LLC is a citizen of Colorado who is located at the following address: 1560 Broadway, STE 2090 Denver, CO 80202.

## JURISDICTION

3. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because Defendant resides in this district under 28 U.S.C. § 1391.

## BRIEF FACTUAL BACKGROUND

4. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

5. Defendant is a corporation doing business primarily as a consumer debt collector.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

7. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

8. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

9. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

10. All of Defendant's actions occurred within one year of the date of this Complaint.

11. On or around August 14, 2008, Defendant telephoned Plaintiff's place of employment.

12. During this communication, Defendant represented to Plaintiff that there was pending litigation against Plaintiff.

13. During this communication, Defendant represented to Plaintiff that, unless Plaintiff contacted Defendant the next day to make payment arrangements, Defendant would obtain a civil judgment against Plaintiff and begin garnishing Plaintiff's wages.

14. During this communication, Defendant represented to Plaintiff that, if a lawsuit was filed against Plaintiff, Plaintiff would be responsible for additional attorney fees and costs.

15. During this communication, Defendant threatened to garnish 25% of Plaintiff's wages.

16. During this communication, Plaintiff notified Defendant that Plaintiff was not allowed to receive Defendant's telephone calls at her place of employment and/or that it was inconvenient for Plaintiff to receive Defendant's telephone calls at her place of employment.

17. Despite having notice, on or around August 15, 2008, Defendant telephoned Plaintiff's place of employment.

18. During this communication, Defendant represented to Plaintiff that, unless Plaintiff paid the debt, Defendant would immediately file a lawsuit against Plaintiff and garnish 25% of Plaintiff's wages.

19. Despite having notice, on or around August 22, 2008, Defendant telephoned Plaintiff's place of employment and spoke with Plaintiff's co-worker ("Co-Worker").

20. During this communication, Defendant asked Co-Worker to verify Plaintiff's employment.

21. During this communication, after Co-Worker told Defendant that Co-Worker did not verify employment, Defendant stated that he needed to know how to garnish wages.

22. During this communication, Co-Worker asked Defendant what the communication was about and then transferred the telephone call to Plaintiff.

23. During this communication, Plaintiff again notified Defendant that Plaintiff was not allowed to receive Defendant's telephone calls at her place of employment and/or that it was inconvenient for Plaintiff to receive Defendant's telephone calls at her place of employment.

24. During this communication, Defendant represented to Plaintiff that Defendant could legally call Plaintiff at her place of employment once each day.

25. Despite having notice, on or around August 22, 2008, Defendant again telephoned Plaintiff's place of employment.

26. During this communication, Defendant represented to Plaintiff that, unless Plaintiff provided her bank account information, Defendant would take legal action against Plaintiff.

27. Defendant has damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

28. Defendant violated the FDCPA.

### FIRST CLAIM FOR RELIEF

### Violation of the Fair Debt Collections Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. In demanding payment in the amount that it did, Defendant violated 15 U.S.C. §1692e(2) in that it falsely represented the character and amount of the debt.

### SECOND CLAIM FOR RELIEF

### Violation of the Fair Debt Collections Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive and was not permitted to receive personal phone calls at work.

### THIRD CLAIM FOR RELIEF

**Violation of the Fair Debt Collections Practices Act**

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

### FOURTH CLAIM FOR RELIEF

**Violation of the Fair Debt Collections Practices Act**

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

### FIFTH CLAIM FOR RELIEF

**Violation of the Fair Debt Collections Practices Act**

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. The Defendant violated 15 U.S.C. §1692e by indicating that undetermined fees and costs would be collected.

### SIXTH CLAIM FOR RELIEF

**Violation of the Fair Debt Collections Practices Act**

39. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

40. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## **SEVENTH CLAIM FOR RELIEF**

**Violation of the Fair Debt Collections Practices Act**

41. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

42. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## **JURY DEMAND**

43. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

44. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

MACEY & ALEMAN

By: */s/ Richard J. Meier*
Richard J. Meier
Jeffrey S. Hyslip
Sears Tower
233 S. Wacker Drive
Suite 5150
Chicago, IL 60606
Tel: 1.866.339.1156
Fax: 1.312.822.1064
rjm@legalhelpers.com
jsh@legalhelpers.com
*Attorneys for Plaintiff*